UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| **BRITTNEY BROWN**, ) | |
| ) | |
| ) | Misc. Case No.: |
| Movant, ) | |
| ) | *Civil action pending in U.S. District* |
| v. ) | *Court for the Northern District of* |
| ) | *Florida, No. 4:25-cv-419-MW-MJF* |
| **LIBS OF TIK TOK LLC**, ) | |
| ) | |
| Respondent. ) | |
| _____/ | |

## <u>MOVANT'S EXPEDITED MOTION TO COMPEL</u>
## <u>COMPLIANCE WITH SUBPOENA DUCES TECUM</u>

Movant Brittney Brown moves, pursuant to Federal Rule of Civil Procedure 45, to compel Respondent Libs of Tik Tok LLC ("Libs of Tik Tok" or "Respondent") to comply with the non-party Subpoena *Duces Tecum* dated November 21, 2025 (the "Subpoena", attached as Exhibit 1), issued by the U.S. District Court for the Northern District of Florida, and properly served on the LLC in this District, in connection with the pending civil action *Brown v. Young*, No. 4:25-cv-419-MW-MJF (N.D. Fla.) (the "Underlying Action"). Movant seeks an expedited ruling on this motion by January 16, 2026, pursuant to Local Rule 7.2(d)(2), so that Movant can obtain the compelled production before the expedited discovery period closes in the Underlying Action on January 30, 2026, and make use of any produced materials

in support of a motion for summary judgment due by February 20, 2026.

## BACKGROUND

Movant is a wildlife biologist formerly employed by the Florida Fish and Wildlife Conservation Commission ("FWC") to monitor critical shorebird habitat near Tyndall Air Force Base and surrounding beaches in the Florida Panhandle. FWC terminated Ms. Brown on September 15, 2025, in retaliation for sharing a private social media post critical of Charlie Kirk, a public figure. The post to Movant's private Instagram "story" shared a statement from a satirical whale-themed Instagram account called @awhalefact that read, "the whales are deeply saddened to learn of the shooting of charlie kirk, haha just kidding, they care exactly as much as charlie kirk cared about children being shot in their classrooms, which is to say, not at all" (the "Whale Statement"). The Whale Statement had nothing to do with Movant's work, and she shared it on personal time while on vacation in North Carolina.

On September 30, 2025, Movant filed the Underlying Action against two FWC officials (Roger Young, in his official capacity, and Melissa Tucker, in her individual capacity) under 42 U.S.C. § 1983, asserting claims for retaliation and viewpoint discrimination in violation of the First and Fourteenth Amendments of the U.S. Constitution (the "Complaint", attached as Exhibit 2). As alleged in the Complaint, Movant's social media post was shared on X.com by Libs of Tik Tok on

September 14, 2025, directly linking Movant's post to her employment at FWC and calling for her termination. Ex. 2 ¶¶ 34–36. Respondent is well-known for drawing attention to social media users who express political views contrary to those of the manager of the LLC, Chaya Raichik. FWC responded the same day—a Sunday—by announcing they would heed Respondent's call and terminate Movant. Ex. 2 ¶ 38. FWC in fact terminated Movant the next morning, and Libs of Tik Tok publicly announced Movant's termination within minutes, even before FWC did. Ex. 2 ¶¶ 42–47. The public statements from FWC and Respondent similarly criticize Movant for the viewpoint she expressed about Charlie Kirk through the Whale Statement.

Shortly after filing the Underlying Action, Movant moved for a preliminary injunction reinstating her employment, based on the immediate and irreparable harm she suffers as a result of her unconstitutional termination. Dkt. No. 8.[1] The Northern District denied the preliminary injunction on November 13, 2025, citing the specific need for factual discovery about FWC's motivations and justifications for terminating Movant under the controlling Supreme Court precedent, *Pickering v. Board of Education*, 391 U.S. 563 (1968). Dkt. No. 26 at 10, *reported at Brown v.*

---

[1] All "Dkt. No." citations refer to ECF entries in the docket of the Underlying Action, No. 4:25-cv-419-MW-MJF (N.D. Fla.).

*Young*, 2025 WL 3171160, at *4 (N.D. Fla. Nov. 13, 2025) ("the crux of this case comes down to whether Plaintiff has met her burden on the second step—namely to show that her free speech interest outweighs FWC's interest in the effective and efficient fulfillment of its responsibilities"). In the interest of resolving these factual disputes quickly to determine Movant's entitlement to reinstatement, the Northern District ordered immediate discovery to be completed by January 30, 2026, with motions for summary judgment due by February 20, 2026. Dkt. No. 24–25. The Court subsequently set trial in the Underlying Action for the period beginning June 15, 2026. Dkt. No. 28. Consistent with this expedited approach to resolving Movant's claims, the Court substantially denied the defendants' motion to dismiss on December 16, 2025. Dkt. No. 33, *reported at Brown v. Young*, --- F. Supp. 3d ----, 2025 WL 3640389 (N.D. Fla. Dec. 16, 2025).[2]

As part of the expedited discovery in the Underlying Action, Movant has served numerous discovery requests and is currently scheduling depositions of FWC officials to be conducted and completed in January 2026. In addition to party discovery, on November 21, 2025, Movant served the Subpoena on Respondent through its registered agent in Broward County, Florida. Ex. 1. The Subpoena

---

[2] The Court dismissed claims for nominal damages against the official-capacity defendant but otherwise denied the motion in its entirety. Dkt. No. 33, at 2–3, 7.

demands production at the office of undersigned counsel in Miami-Dade County by December 15, 2025. The Subpoena is *duces tecum* requiring the production of those documents listed in an attached Schedule A. Those six requests for production seek documents in Respondent's possession that discuss or reflect communications about Movant's employment at FWC or the Whale Statement from September 1, 2025 to the present. Ex. 1.

Counsel for Libs of Tik Tok first reached out to Movant's counsel regarding the Subpoena on December 15, 2025, the day compliance was due. From December 15 through December 30, counsel conferred regarding whether Respondent would respond to the subpoena, as reflected in the attached email chain, Ex. 3. In addition to the email correspondence, counsel conferred twice over the telephone, on December 18th for 20 minutes, and December 29th for 3 minutes, as attested to in Exhibit 4. During this conferral, Movant's counsel offered to narrow the scope of the Subpoena to only seek Requests 3, 4, and 5 that are specifically about Movant or the Whale Statement. Respondent ultimately refused to comply with the Subpoena even "as narrowed" by sending a final email on the evening of December 30th:

> We object to the subpoena as narrowed the grounds that: 1. It intrudes under what is commonly referred to as "reporters privilege." 2. It is unduly burdensome and oppressive because it seeks materials not subject to discovery in that the merits of plaintiffs claim are hopeless on the pleadings.

Ex. 3. That email response came more than a month after Movant served the

Subpoena on Libs of Tik Tok, and 15 days after a response was due. Respondent has neither served an official response nor filed a motion to quash as provided by Rule 45.

## STANDARD OF REVIEW

Rule 45 permits a party to an action to command a non-party to produce "documents, electronically stored information, or tangible things at a place within 100 miles of where the [non-party] resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). "A subpoena must issue from the court where the action is pending," Fed. R. Civ. P. 45(a)(2), but a motion to compel a non-party to comply with a subpoena "must be made in the court where the discovery is or will be taken," Fed. R. Civ. P. 37(a)(2). This court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Requests for production of documents sought through a non-party subpoena must be relevant to the Underlying Action under Rule 26(b)(1). *See, e.g.*, *Smith v. Wren*, No. 9:24-mc-81074-DMM, 2025 WL 1903038, at *1 (S.D. Fla. Apr. 29, 2025); *Terraform Labs v. Citadel Sec.*, No. 1:23-cv-01346-JSR, 2023 WL 8679668, at *3 (S.D. Fla. Nov. 17, 2023). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope

of discovery need not be admissible in evidence to be discoverable." *Id.* The party

opposing a subpoena bears the burden to prove an undue burden. *See, e.g.*, *Coleman*

*v. Lennar Corp.*, No. 18-mc-20182, 2018 WL 3672251, at *3 (S.D. Fla. Jun. 14,

2018). "Boilerplate objections and generalized responses are improper." *Id.*

The subpoenaed party may object to the subpoena, but they must serve the

objections before the time specified on the subpoena or within 14 days of receiving

the subpoena. Fed. R. Civ. P. 45(d)(2)(B); *Smith*, 2025 WL 1903038, at *1. If the

subpoenaed party does not object in a timely fashion, they waive any objections. *See*

*PDV USA, Inc. v. Rivera*, No. 1:24-cv-20456-MD, 2024 WL 3360440, at *5 (S.D.

Fla. May 6, 2024).

A person withholding requested materials based on a claim of privilege must

"(i) expressly make that claim; and (ii) describe the nature of the withheld

documents, communications, or tangible things in a matter that, without revealing

information itself privileged or protected, will enable the parties to assess the claim."

Fed. R. Civ. P. 45(e)(2)(A). "Blanket assertions of privilege before a district court

are usually unacceptable." *United States v. Davis*, 636 F.2d 1028, 1044 n.20 (5th

Cir. 1981) (targets of IRS summonses could not refuse entirely to comply based on

attorney-client privilege assertions); *see also United States v. McQuillan*, No. 93-

134-MISC-T-23A, 1994 WL 692851, at *2 (M.D. Fla. Dec. 12, 1994) ("the

existence of privilege cannot be determined from a blanket assertion of privilege

over a large amount of material").

## ARGUMENT

Movant properly served the Subpoena on Respondent in this District on November 21, 2025, with a response date of December 15, 2025. The Subpoena seeks material that is relevant to the Underlying Action and fits squarely within the scope of allowable discovery under Rule 26(b)(1). Respondent waived any privilege or burden objections to the Subpoena by not timely serving them as required by Rule 45(d)(2)(B). To the extent that any objections were timely served, the boilerplate assertions in Respondent's December 30, 2025 email, refusing to comply with the Subpoena, are insufficient to justify withholding relevant documents. Therefore, this Court should compel Libs of Tik Tok to produce documents as requested by the Subpoena in time for the completion of discovery in the Underlying Action on January 30, 2026, with contempt sanctions ready to ensure that Respondent complies.

### I.     The Subpoena is Relevant to the Underlying Action.

The Underlying Action is progressing rapidly toward summary judgment and trial. The Northern District ordered expedited discovery to commence on November 10, Dkt. No. 24–25, and substantially denied the Motion to Dismiss on December 16, Dkt. No. 33, *reported at Brown*, --- F. Supp. 3d ----, 2025 WL 3640389. The parties in the Underlying Action have already scheduled depositions for January to

support the summary judgment motions due by February 20. Trial is scheduled for mid-June 2026. Dkt. No. 28.

As explained on page 3 of the Northern District's order denying Movant's preliminary injunction, Dkt. No. 26, Movant's retaliation claim must meet a four-step test derived from *Pickering v. Board of Education*, 391 U.S. 563 (1968), and *Connick v. Myers*, 461 U.S. 138 (1983). "Plaintiff must show (1) that her speech involved a matter of public concern, (2) that her free speech interests outweighed Defendants' interest in effective and efficient fulfillment of its responsibilities, and (3) that her speech played a substantial part in her termination. If Movant satisfies her burden on these three steps, the burden shifts to Defendants to show by a preponderance of the evidence that they would have made the same decision even in the absence of Plaintiff's protected speech." Dkt. No. 26, at 3.

Movant seeks the documents requested by the Subpoena because the defendants in the Underlying Action assert they were justified in terminating Movant based on the potential disruption caused by complaints triggered by the Libs of Tik Tok post on X.com. *See, e,g,*, Dkt. No. 22 at 4 (Defs.' Resp. in Oppo. to Plf.'s Mot. for Prelim. Inj.). Respondent announced Movant's termination within minutes of it happening, even before FWC made a public statement—indicating that the LLC was in direct communication with someone with inside knowledge of FWC's decision. Ex. 2 ¶¶ 42–47.

The Judge in the Underlying Action specifically noted that Libs of Tik Tok was instrumental in calling attention to Movant's social media post which led directly to her termination:

> Four days later, a user on X called "Libs of TikTok" posted a screenshot of Plaintiff's Instagram story alongside a screenshot of her public LinkedIn profile that listed her employment at the Florida Fish and Wildlife Conservation Commission ("FWC"). The "Libs of TikTok" account urged swift retribution against Plaintiff for the message she shared on her Instagram story. Within less than 24 hours, FWC terminated Plaintiff's employment.

Dkt. No. 26 at 1, *reported at Brown*, 2025 WL 3171160, at *1. Respondent's X.com posts and related communications with state government officials are directly relevant to all three elements Movant must prove to prevail on her claims in the Underlying Action: they reflect a matter of public concern, FWC claims they impacted FWC's operations, and they directly connect Movant's speech to her termination.

Reviewing and producing documents responsive to the Subpoena should not be burdensome, because the events at issue happened mere months ago and the requests are time-limited to September 2025 to the present. In addition, all or nearly all the records are likely in electronic form, which facilitates easy retrieval and production. If it turns out that Respondent has substantial records related to Movant's claims, that would further demonstrate the importance of the Subpoena to the Underlying Action. In the unlikely event that those records are so voluminous

that production would impose a real economic burden on Respondent, a proposal for cost shifting or narrowing of the subpoena would be the appropriate next step to explore rather than, as done here, a simple outright refusal to honor the Subpoena in any respect. *See, e.g.*, *Caravels LLC v. City of Gainesville, Fla.*, No. 1:20-cv-45-MW-GRJ, 2020 WL 10758492, at *2 (N.D. Fla. July 13, 2020) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("Generally, modification of a subpoena is preferable to quashing it outright.")).

## II.     The LLC waived any objection to the Subpoena.

Rule 45 is clear that objections must be served before the time specified on the subpoena or within 14 days of receiving the subpoena. Fed. R. Civ. P. 45(d)(2)(B); *Smith*, 2025 WL 1903038, at *1. The time specified on the Subpoena was December 15, 2025, and Respondent was served with the Subpoena on November 21, 2025. Ex. 1. Counsel for Respondent did not reach out to Movant's counsel until December 15th, the final day to object, but failed to express any objections in writing until December 30, 2025. Ex. 3. Respondent's failure to serve objections in a timely fashion waives any objections. *See PDV USA, Inc. v. Rivera*, No. 1:24-cv-20456-MD, 2024 WL 3360440, at *5 (S.D. Fla. May 6, 2024); *see also Trujillo v. USAA Cas. Ins. Co.*, No. 11-cv-80320, 2012 WL 12855428, at *2 (S.D. Fla. May 2, 2012) ("A non-party waives any objections if [he] does not timely object to the subpoena." (citation omitted)).

Even if Libs of Tik Tok preserved its objections through the oral conferral on December 18th (after the time to object had expired), reflected in Exhibit 3, the two objections raised in the December 30 email are legally insufficient. *First*, the "unduly burdensome" objection fails as a matter of law. Respondent asserts that "the merits of plaintiffs claim are hopeless on the pleadings," Ex. 3, but the Northern District expressly rejected that assertion when it denied (in all parts relevant here) the defendants' motion to dismiss. The Underlying Action is far from hopeless, as the Northern District made clear:

> Plaintiff's detailed factual allegations plausibly allege that she has suffered and continues to suffer an injury in fact based on her allegedly wrongful termination in retaliation for protected speech, which is traceable to Defendants Young and Tucker, and redressable by prospective relief in the form of reinstatement against Defendant Young and damages against Defendant Tucker in her individual capacity.

Dkt. No. 33 at 8, *reported at Brown*, --- F. Supp. 3d ----, 2025 WL 3640389, at *3. Moreover, Respondent's suggestion that it can simply refuse to respond to discovery because of its own subjective view that Movant's case is a loser has no basis in the civil rules. Discovery is permitted on any matter relevant to any of a plaintiff's claims, not just the claims that a third party subjectively believes are valid. If "this case is bad" were a valid subpoena objection, every discovery dispute would turn into a merits mini-trial. That is not the law.

*Second*, Respondent asserts a blanket claim that the Subpoena "intrudes" on

"reporters privilege." Ex. 3. "Blanket assertions of privilege before a district court are usually unacceptable." *United States v. Davis*, 636 F.2d 1028, 1044 n.20 (5th Cir. 1981).[3] Respondent fails to explain what that privilege entails, why Respondent qualifies for the privilege in general, or how the privilege applies to any specific documents responsive to the Subpoena. This failure is consistent with Respondent having waived the assertion of a professional journalistic privilege. Even if Respondent can at some point in the future make that showing for specific documents that would otherwise be required to be produced to Movant by the Subpoena, Rule 45(e)(2) requires specific privilege assertions to withhold specific documents while otherwise complying with the Subpoena. Respondent has done none of this.

Nevertheless, despite Respondent having taken none of the steps it was required to take to properly assert privilege in this matter, Movant will briefly discuss the privilege issue raised. To begin, both the Eleventh Circuit and Florida recognize a limited privilege for professional journalists. *See, e.g.*, *United States v. Capers*, 708 F.3d 1286, 1303 (11th Cir. 2013) ("Our Circuit recognizes a qualified privilege for journalists, allowing them to resist compelled disclosure of their

---

[3] *Davis* was decided by the old Fifth Circuit in February 1981 and is therefore binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

professional news gathering efforts."); *Popcorned Planet v. Lively*, No. 8:25-mc-28-WFJ-LSG, 2025 WL 3458601, at *3 (M.D. Fla. Dec. 2, 2025) (synthesizing both state and federal privileges in Florida); *State v. Davis*, 720 So. 2d 220, 227 (Fla. 1998) ("First, we hold that a qualified reporter's privilege exists in Florid and that such a privilege extends to both confidential *and* nonconfidential information gathered in the course of a reporter's employment."); Fla. Stat. § 90.5015(2) ("A professional journalist has a qualified privilege . . . not to disclose the information, including the identity of any source, that the professional journalist has obtained while actively gathering news.").

The recent *Popcorned Planet* ruling demonstrates the difficulty an online influencer like Libs of Tik Tok may face in meeting their burden to show they qualify for the privilege. The subpoena target in that case was a corporation owned and operated by an individual who hosts his own "publicly accessible news and commentary channel" on YouTube. 2025 WL 3458601, at *3. The *Popcorned Planet* court, following both *Capers* and the Florida statute, devotes pages analyzing whether the entity qualified as a "professional news organization" generally and whether the owner "was engaged in newsgathering at the time he obtained the information." *Id.* at *3–*5. That analysis was possible because the entity timely moved to quash.

Movant does not bear the burden of proving whether the professional

journalist privilege applies to Respondent generally or to the information about Movant and her employment specifically. Respondent bears that burden and has made no attempt to meet it. *See id*. at *2 ("The party invoking a privilege bears the burden of proving it."). Moreover, based on the District Judge's comments in the Underlying Action, there is no indication that Libs of Tik Tok was reporting on the news in this matter; rather, it was making the news as a political actor engaged in a political operation for its own political purposes. *See Brown*, 2025 WL 3171160, at *1.

If Libs of Tik Tok was to demonstrate entitlement to the privilege for any specific documents, Movant could still overcome the *qualified* privilege by showing that document "is highly relevant, necessary to the proper presentation of the case, and unavailable from other sources." *Capers*, 708 F.3d at 1303. Rule 45(e)(2) requires a detailed privilege log for each withheld document, so Movant can evaluate each claim of privilege and the necessity of seeking to overcome it. *See Popcorned Planet*, 2025 WL 3458601, at *6. That is not possible from the inadequate and untimely objections asserted by Respondent.

## III.    This Court should order Respondent to comply with the Subpoena.

As demonstrated above, the Subpoena is proper and requires Libs of Tik Tok to comply in this district. This court routinely grants motions to compel third-party subpoenas from out-of-district lawsuits. *See, e.g.*, *Smith*, 2025 WL 1903038, at *2;

*Terraform Labs*, 2023 WL 8679668, at *7. If Libs of Tik Tok fails to produce the requested documents expeditiously after such an order, this Court also is authorized to hold Respondent in contempt under Rule 45(g). *See Smith v. Wren*, No. 9:24-mc-81074-DMM, 2025 WL 1903040, at *2 (S.D. Fla. Jul. 9, 2025).

This Court should compel Libs of Tik Tok to produce documents responsive to the Subpoena as quickly as possible after issuing the order, because discovery in the Underlying Action must be completed by January 30, 2026. Even if Movant is unable to obtain production by the end of January, the evidentiary record for summary judgment must be submitted by February 20, 2026. This Court's contempt power may therefore be essential to ensuring the Subpoena is properly and timely enforced.

For these reasons, Movant moves this Court to compel Libs of Tik Tok to produce documents requested by the Subpoena to Movant and requests an expedited ruling by January 16, 2026.

Respectfully submitted January 2, 2026,

/s/ Caroline A. McNamara
AMERICAN CIVIL LIBERTIES
FOUNDATION OF FLORIDA, INC.
CAROLINE A. MCNAMARA
Florida Bar No. 1038312
DANIEL B. TILLEY
Florida Bar No. 102882
MICHELLE MORTON
Florida Bar No. 81975
SAMANTHA J. PAST
Florida Bar No. 1054519
4343 W Flagler Street, Ste 400
Miami, Florida 33134-1585
(786) 363-2738
cmcnamara@aclufl.org
dtilley@aclufl.org
mmorton@aclufl.org
spast@aclufl.org

/s/ Gary S. Edinger
BENJAMIN, AARONSON, EDINGER
& PATANZO, P.A.
GARY S. EDINGER, Esquire
Florida Bar No. 0606812
305 N.E. 1st Street
Gainesville, Florida 32601
(352) 338-4440
(Fax) (352) 337-0696
GSEdinger12@gmail.com

*Attorneys for Movant*

## **CERTIFICATE OF COMPLIANCE**

This Motion complies with the type-volume limitation of Rule 7.1(c), S.D.

Fla. Loc. R. This Motion and Memorandum contain 16 pages.


## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document has been served by email on

counsel for Respondent as well as all counsel of record in *Brown v. Young*, No. 4:25-

cv-419-MW-MJF (N.D. Fla.).

/s/ Caroline A. McNamara
*Counsel for Movant*
